**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**GSD LOGISTICS, LLC; JV GLOBAL, LLC;**
**GLOBAL SOURCING AND DESIGN, INC. and**
**OXYGEN REQUIRED, INC.**                                                                    **PLAINTIFFS**


**V.**                                                            **CIVIL ACTION NO. 1:06CV427 LTS-RHW**


**LANDMARK AMERICAN INSURANCE COMPANY;**
**BEACON INSURANCE SERVICES, INC.;**
**LOUIS LANGLINAIS and DONNA LANGLINAIS**                                    **DEFENDANTS**


**ORDER GRANTING TIME EXTENSION**
**TO FILE RESPONSE/REPLY TO MOTION TO REMAND**
**and**
**GRANTING LEAVE TO CONDUCT REMAND-RELATED DISCOVERY**

The Court has before it the motion of Defendant Landmark American Insurance Company (Landmark) for an extension to time to respond to the plaintiffs' motion to remand[11].  Landmark also seeks leave to conduct remand-related discovery [10].  For the reasons set out below, these motions will be granted.

This is an action for property damage and the interruption of business caused by Hurricane Katrina.  Plaintiffs have alleged alternative theories of recovery.  Plaintiffs contend that extensive losses caused by Hurricane Katrina and covered under Landmark's insurance policies have not been paid.  Plaintiffs also allege that during the month before the storm they requested that Defendants Beacon Insurance Services, Inc. (Beacon), and its representatives Louis Langlinais and Donna Langlinais procure flood insurance under the National Flood Insurance Program.  The state court complaint charges that Beacon and its representatives failed to act promptly on this request and that their delay in responding to this request caused the plaintiffs' flood insurance policy to take effect after Hurricane Katrina.

Landmark wishes to take some discovery regarding the allegations of the complaint that relate to Beacon and its representatives.  Beacon and its representatives are Mississippi citizens for purposes of determining this Court's subject matter jurisdiction under 28 U.S.C. §1332.  If these three defendants have been properly joined as parties, this Court lacks subject matter jurisdiction.

This case has been removed on the basis of the defendants' allegation that these three in-state defendants have been fraudulently joined.  I believe Landmark is entitled to take a limited amount of discovery specifically directed to the causes of action asserted against these in-state defendants.

Accordingly, I will grant Landmark's motions [10] [11].  I will allow a period of ten days from the date of this order for the parties' counsel to confer in good faith to see whether they can reach an agreement on the scope and timing of this limited discovery.  If the parties do reach an agreement, they shall submit an agreed order setting out the scope and timing they have agreed upon.  If the parties cannot agree, they shall, on or before August 15, 2006, submit their proposals concerning the timing and scope of this remand-related discovery for my review.  Following this review, I will enter an appropriate order delineating the discovery that will be permitted and the time within which this discovery must be completed.  I will hold the plaintiffs' motion to remand in abeyance pending completion of this discovery, and following the conclusion of this discovery, the defendants shall have ten days within which to file their response to the plaintiffs' motion to remand.

**SO ORDERED** this 31st day of July, 2006.